**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MELVIN EARL WHITE,

    Plaintiff - Appellant,

FRANKIE TURNER; MICHAEL
EDMONDSON; AKBAR
MAHMOUD; BRUCE JOHNSON,

    Plaintiffs,

vs.

JOHN WHETSEL, Sheriff, ARGY L.
DICK, Chaplain,

    Defendants - Appellees.

No. 00-6428
(D.C. No. CIV-99-946-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Melvin Earl White, an inmate proceeding pro se, appeals from the district court's dismissal of his conditions of confinement claims seeking damages and injunctive relief under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mr. White and four other plaintiffs brought several claims[1] that were referred to a magistrate judge.[2] The magistrate judge recommended that the claim against Defendant Dick be voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1), and that the complaint be dismissed for failure to state a claim for which

_____

[1] The plaintiffs' complaints were: 1) Oklahoma County Detention Center ("OCDC") officers were not properly trained and verbally abusive toward inmates; 2) Overcrowding in the OCDC created a dangerous situation; 3) OCDC chaplain Argy L. Dick failed to meet the spiritual needs of the prisoners; 4) Officers don't wear hairnets when serving food and food is always cold; 5) Inmates are forced to live in an unclean environment and not given proper cleaning supplies; 6) Inmates do not receive proper medical care (medical care is not prompt, inmates are charged $8 for aspirin, some treatment is withheld); 7) Members from opposing gangs are housed together creating a dangerous environment; 8) Inmates are constantly on lock down and are sometimes unable to shower for a week due to under-staffing; 9) Inmates have no access to a law library; 10) Officers found mail that had not been delivered to inmates when they cleaned out their pod office on June 16, 1999; 11) Inmates are not screened for tuberculosis; 12) Inmates can enter and exit individual cells at will creating a dangerous environment; 13) OCDC staff do not honor the internal grievance system; 14) Inmate recreation is limited to going to play basketball or handball once or twice a year; and 15) The air conditioner is always too cold in cells causing inmates to suffer head colds. R. Doc. 1, at 2-4; Doc. 66, at 2-3.

[2] The initial complaint alleged violations of the plaintiffs' religious rights. While the complaint was under the magistrate judge's consideration, the five plaintiffs filed a "Motion to Remove Defendant Dick From Civil Suit," R. Doc. 34, which the magistrate judge correctly construed as a voluntary dismissal of the religious liberty claim. R. Doc. 66, at 3-4.

relief may be granted and that the dismissal should count as a "prior occasion" or "strike" under 28 U.S.C. § 1915(g). R. Doc 66, at 12; see also 28 U.S.C. § 1915(e)(2)(b)(ii). Of the five initial plaintiffs, only Mr. White filed objections to the magistrate judge's Report & Recommendation ("R&R"). R. Doc. 72. After considering Mr. White's objections, the district court adopted the magistrate's judge's R&R and dismissed the complaint. R. Doc. 74, at 2.

Mr. White appeals seven of the fourteen claims dismissed by the district court: 1) Overcrowding in the OCDC created a dangerous situation, Aplt. Br. at 3, 17, 19; 2) Inmates are forced to live in an unclean environment and not given proper cleaning supplies, id.; 3) Inmates do not receive proper medical care, id. at 3, 17-19; 4) Members from opposing gangs are housed together creating a dangerous environment, id. at 3, 17, 19; 5) Inmates suffer due to under-staffing of the OCDC, id. at 3; 6) Inmates can enter and exit individual cells at will creating a dangerous environment, id. at 3, 17-20; and 7) The air conditioner is too cold in cells causing inmates to suffer head colds. Id. at 19. We construe all of these claims as alleged Eighth Amendment violations.

We review de novo the district court's decision to dismiss the complaint under § 1915(e)(2), taking the allegations of the complaint as true. Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001), petition for cert. filed, No. 01-5423 (July 17, 2001). Dismissal is appropriate only when it is apparent that the pro se

plaintiff cannot prevail on the facts alleged, and amendment would be futile.  Id.
With that standard in mind, we affirm the dismissal of this complaint on the basis
that Plaintiffs failed to adequately allege deliberate indifference on the part of the
remaining defendant, Sheriff John Whetsel.  Wilson v. Seiter, 501 U.S. 294, 297
(1991).

Defendant reminds us that the constitution "'does not mandate comfortable
prisons.'" Aplee. Br. at 4 (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)),
and that an inmate must show injury.  An inmate is required to "show that
conditions were more than uncomfortable, and instead rose to the level of
'conditions posing a substantial risk of serious harm' to inmate health or safety."
Despain v. Uphoff, No. 99-8003, 2001 WL 776785, at *4 (10th Cir. July 10,
2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  Thus, there is no
requirement that an inmate suffer serious harm before a very serious condition is
actionable.  Shannon v. Graves, No. 00-3029, 2001 WL 775732, at *2 (10th Cir.
July 10, 2001); Benefield v. McDowall, 241 F.3d 1267, 1271-72 (10th Cir. 2001).

With that clarification, we AFFIRM the district court's dismissal of Mr.
White's complaint.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 4 -