FILED
United States Court of Appeals
Tenth Circuit

January 20, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARCO A. ROCHA,

        Plaintiff-Appellant,

v.

CCCF ADMINISTRATION;
CCCF WARDEN D. SMELSER;
CCCF PERSONNEL R. GARCIA;
C. ANDERSON; B. BONNER;
J. MORA; J. SANCHEZ,

        Defendants-Appellees.

No. 10-1158
(D.C. No. 1:09-CV-01432-CMA-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

In this pro se civil rights appeal, Marco A. Rocha, a Colorado inmate,

contends the district court erroneously dismissed his conspiracy and Eighth

Amendment claims. He also contends the court failed to compel discovery,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

prematurely ruled on his motion to amend the judgment, and improperly entered dismissal with prejudice. For the reasons that follow, we reject Mr. Rocha's contentions and affirm the judgment of the district court.

I

This case was triggered by an incident that occurred when Mr. Rocha was transferred to the Crowley County Correctional Facility (CCCF). As he arrived at the prison, Mr. Rocha was instructed to sign a property inventory form that he believed was inaccurate. He thought the form commingled his assets with property that was the subject of a state replevin action he was then prosecuting, and thus he refused to sign the form. His refusal prompted defendants Garcia, Anderson, Mora, and Sanchez to confine Mr. Rocha in the "unbearabl[y] cold" segregation unit. R. Vol. 1 at 16. Apparently the air conditioning had been turned up to create an "extremely cold environment," but Mr. Rocha was given only a prison jumpsuit to wear. *Id.* Sanchez told Mr. Rocha he could come out of segregation if he signed the inventory form, but Mr. Rocha insisted the form was inaccurate, and he therefore refused to sign it. Consequently, he remained in those conditions for more than thirty hours, until he reported to medical staff an "[acute] nervous disorder" and "sharp back pain" resulting from the cold. *Id.* At that point, he was given bed linens and two blankets.

Following this incident, Mr. Rocha filed a complaint in state court, alleging defendants had conspired to force him to abandon his replevin action. He also

alleged, among other federal constitutional claims, that defendants had exposed him to a potential risk of serious harm in violation of the Eighth Amendment.[1] Defendants removed the case to federal court and moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A magistrate judge recommended that the motion to dismiss be granted, and over Mr. Rocha's objections, the district court adopted that recommendation. Later, the court issued an amended order to comport with CCCF's status as a privately run facility, and afterwards, Mr. Rocha appealed to this court.

As we distill his appellate materials, Mr. Rocha challenges the district court's decision on five grounds. He first contends it was error to dismiss his conspiracy claim because the magistrate judge recognized that his allegations could show a predicate agreement among the defendants. Next, Mr. Rocha maintains that the "inhumane and sadistic" conditions of his confinement violated the Eighth Amendment. Aplt. Br. at 3. Third, Mr. Rocha claims the district court failed to compel defendants to produce discoverable evidence. Fourth, he argues that the court prematurely ruled on his motion to amend the judgment without considering his reply brief. And lastly, Mr. Rocha says it was error to dismiss his claims with prejudice because it barred him from amending his complaint.

---

[1] Mr. Rocha also alleged First Amendment, equal protection, and due process violations, but these claims are not the subject of this appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (explaining that issues omitted from an appellant's opening brief are deemed forfeited).

II

We review dismissals for failure to state a claim under Rule 12(b)(6)
de novo. *Gee v. Pacheco*, ___ F.3d ___, 2010 WL 4909644, at *2 (10th Cir. Oct.
26, 2010). "To survive a motion to dismiss, a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its
face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Gallagher v.
Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quotation omitted). Conclusory
allegations will not survive a motion to dismiss. *Id.* Nevertheless, we are
mindful that Mr. Rocha's pro se status obliges us to afford his materials a
"solicitous construction." *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1
(10th Cir. 2007).

*A. Conspiracy*

We begin with the dismissal of Mr. Rocha's conspiracy claim, which the
district court determined was deficient under state law.[2] As best we can discern
from Mr. Rocha's opening brief, he contends the district court failed to credit the

---

[2]     The magistrate judge determined the conspiracy allegations were also
deficient under 42 U.S.C. § 1985. Finding that Mr. Rocha did not object to this
determination, the district court reviewed the ruling only for clear error and found
none. We do not consider the issue. *See Morales-Fernandez v. I.N.S.*, 418 F.3d
1116, 1119 (10th Cir. 2005) (explaining firm waiver rule).

-4-

magistrate judge's finding that the allegations could show a meeting of the minds between defendants. *See Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) ("To establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result."). Notwithstanding the magistrate judge's observation, however, both the magistrate judge and district court explained that Mr. Rocha also had to show the supposed agreement entailed an unlawful act or means. *See id.* ("[T]he purpose of the conspiracy must involve an unlawful act or unlawful means."). Because Mr. Rocha failed to make that showing, dismissal was proper. To the extent Mr. Rocha asserts other errors regarding this claim, we affirm for substantially the same reasons provided by the district court in its amended order dated April 2, 2010.

### B. *Eighth Amendment*

Mr. Rocha next contends the district court wrongly dismissed his Eighth Amendment claim, which was based on the cold conditions of his confinement. "The Eighth Amendment does not mandate comfortable prisons, and conditions imposed may be restrictive and even harsh." *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quotations omitted). To plead a valid conditions-of-confinement claim, Mr. Rocha was required to make two showings. First, he was required to make an objective showing that the deprivation was "sufficiently

serious," that is, that he was "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted). Second, he was required to make a subjective showing that defendants had a "sufficiently culpable state of mind," which in this context "is one of deliberate indifference." *Id.* (quotations omitted). In assessing Mr. Rocha's claim, we evaluate such factors as "the severity of the cold, its duration; whether [he had] alternative means to protect himself from the cold; [and] the adequacy of such alternatives." *See Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (noting the "circumstances, nature, and duration of the challenged conditions must be carefully considered" (quotations omitted)).

Here, Mr. Rocha alleged that in August 2008, the prison air conditioning had been turned up, exposing him to "unbearable cold" and an "extremely cold environment." R. Vol. 1 at 16. He claimed he was subjected to these conditions for more than thirty hours with only a jumpsuit to wear, until staff gave him bed linens and two blankets. He also alleged other inmates complained of the cold. These allegations are deficient because there is no objective indication that the cold was so severe as to pose a substantial risk of serious harm. Instead, Mr. Rocha has provided only conclusory allegations and subjective impressions of the cold, which tells us nothing about its actual severity. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (concluding that allegations of denied medical treatment

-6-

for life threatening disease satisfied Fed. R. Civ. P. 8(a)(2)).  Moreover, without knowing the severity of the cold, we cannot evaluate whether the duration of Mr. Rocha's exposure—more than thirty hours—was sufficiently serious to implicate constitutional protections.  *Cf. Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996) (finding viable claim where deprivations "lasted for a period of days, weeks and months").  Under these circumstances, Mr. Rocha has failed to plead enough factual matter to state a plausible claim to relief.[3]  *See Iqbal*, 129 S. Ct. at 1949.

### C. Motion to Compel

Mr. Rocha also contends the district court erred in failing to compel defendants to produce discoverable evidence, apparently a list of other inmates who entered segregation in August of 2008.  This argument is meritless, however, because where, as here, a defendant moves for dismissal under Rule 12(b)(6), the district court "test[s] the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (quotation omitted).  At this stage of the proceedings,

---

[3]     Mr. Rocha asserts the district court showed bias in favor of defendants by applying *White v. Whetsel*, 17 F. App'x 839, 841 (10th Cir. 2001).  In *Whetsel*, this court affirmed in an unpublished decision the dismissal of a claim alleging that prison air conditioning was too cold and caused inmates to develop head colds.  *Id.* at 840-41.  Given the similar factual allegations, we perceive neither bias nor error in the district court's reference to *Whetsel*.

the district court was under no obligation to compel discovery and consider

potential evidence.[4]

### D. Amended Judgment

Next, Mr. Rocha claims it was error for the district court to rule on his

motion to amend the judgment without considering his reply brief. He contends

doing so enabled defendants to "abscond[]" without disclosing the identities of

other inmates confined under allegedly similar conditions. Aplt. Br. at 6. As

defendants correctly observe, however, the district court's local rules authorize

the court to rule on a motion "any time after it is filed." *See* D.C. COLO. L Civ.

R 7.1(c). There was no error.

### E. Nature of Dismissal

Finally, Mr. Rocha claims the nature of the district court's dismissal—with

prejudice—was inappropriate. He seems to suggest the court should have

---

[4]     In his "fifth issue" for review, Mr. Rocha contends that discoverable
evidence precluded the court's dismissal. This contention confuses the legal
standard applicable to Rule 12(b)(6) motions with the standard applicable to
summary judgment motions. The correct standard applicable to Rule 12(b)(6)
motions, again, is whether the complaint alone contains sufficient factual
allegations to state a plausible claim for relief, not, as Mr. Rocha contends,
whether there are genuine issues of material fact. If he means to suggest the
district court should have converted the motion to dismiss to a motion for
summary judgment, his argument fails because the court considered nothing
outside the pleadings and thus was not obligated to convert the motion to one for
summary judgment. *See David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352
(10th Cir. 1996) (explaining that a Rule 12(b)(6) motion should be converted to
summary judgment motion when the court considers matters outside the
pleadings).

afforded him an opportunity to amend the complaint if it found the allegations deficient. Under our precedent, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). As we have explained, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff could not prevail on the facts alleged and it would be futile to give him an opportunity to amend." *Gee*, ___ F.3d ___, 2010 WL 4909644, at *14 (quotation omitted).

Here, Mr. Rocha did not allege sufficient facts to state a facially plausible claim to relief. Nor did he attempt to cure his deficient allegations by amending his complaint, despite repeated alerts by the district court and magistrate judge that he could amend once as a matter of course. And, nothing in the facts he did allege suggests he would have satisfied our standards, even if he had amended his complaint. Thus, the district court properly dismissed this action with prejudice.

III

The judgment of the district court is AFFIRMED. Mr. Rocha's motion to proceed on appeal *in forma pauperis* is GRANTED, and he is reminded to continue making partial payments until his entire filing fee is paid in full.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-9-