**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

YASLAM M. ISSA,

        Plaintiff-Appellant,

v.

COMP USA,

        Defendant-Appellee.

No. 03-4024

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### (D.C. No. 2:02-CV-949-TC)

---

Submitted on the briefs:

Yaslam M. Issa filed a brief, pro se.

Duane L. Ostler, Salt Lake City, Utah, for Plaintiff-Appellant.

David P. Williams, Snell & Wilmer L.L.P., Salt Lake City, Utah, for Defendant-Appellee.

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

**BALDOCK** , Circuit Judge.

Plaintiff-appellant Yaslam M. Issa appeals the order of the district court granting defendant-appellee Comp USA's motion to dismiss his complaint under Fed. R. Civ. P. 12(b)(6). Our jurisdiction arises under 28 U.S.C. § 1291. We reverse and remand for further proceedings. *

I.

Plaintiff is a former employee of Comp USA. After plaintiff quit his job with Comp USA, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Comp USA discriminated against him because of his race, color, and national origin. At plaintiff's request, the EEOC subsequently terminated its processing of his charge and issued him a notice of right-to-sue letter. On August 28, 2002, plaintiff filed a complaint against Comp USA in the United States District Court for the District of Utah, alleging that Comp USA had discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through § 2000e-17. In his complaint, plaintiff stated that he received the right-to-sue letter on February 25, 2002. *See* R., Doc. 3 at 4.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On October 30, 2002, Comp USA filed a motion to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). [1] In its motion, Comp USA argued that plaintiff's complaint showed on its face that plaintiff had failed to file his district court action within ninety days of receiving the right-to-sue letter as required by the terms of the letter and 42 U.S.C. § 2000e-5(f)(1). Under the local rules of the District of Utah, plaintiff was required to file a memorandum opposing Comp USA's motion to dismiss within fifteen days after service of the motion or within such extended time as allowed by the court. *See* DUCivR 7-1(b)(3). Plaintiff failed to file a memorandum opposing Comp USA's motion to dismiss within fifteen days after service of the motion, and he also failed to seek an extension of time.

On January 8, 2003, the district court entered an order granting Comp USA's motion to dismiss. The court granted Comp USA's motion based solely on DUCivR 7-1(d) which provides that "[f]ailure to respond timely to a motion may result in the court granting the motion without further notice," and the court did not address the merits of the motion or engage in an analysis of whether dismissal was appropriate as a sanction for plaintiff's failure to respond. *See* R., Doc. 8

---

[1] Comp USA also moved to dismiss plaintiff's complaint for insufficiency of process under Fed. R. Civ. P. 12(b)(4). Because Comp USA does not rely on Rule 12(b)(4) as an alternative ground for affirmance, we do not need to address that aspect of Comp USA's motion to dismiss.

at 1. Plaintiff is now appealing the district court's January 8, 2003 order, and he argues that the district court erred because it failed to explicitly address the factors it is required to analyze before it may dismiss a case as a sanction.

II.

We recently analyzed whether district courts can deem an uncontested motion for summary judgment as confessed pursuant to local rules and grant the motion without performing either the summary-judgment analysis required by Fed. R. Civ. P. 56 or the sanction analysis required by *Meade v. Grubbs*, 841 F.2d 1512, 1519-22 (10th Cir. 1988). *See Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002). We held that, although a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* at 1194-95.

Alternatively, we held that, while a district court may grant summary judgment as a sanction, it can do so only after performing an explicit analysis of the factors set forth in *Meade*. *Id.* at 1195-96. Those factors are: "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Id.* at 1195. In addition, "dismissal or other final disposition of a party's claim is a severe sanction

-4-

reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Id.* We also noted that

> [t]his Court has never independently employed the *Meade* analysis to uphold a district court sanction. The *Meade* analysis is highly fact specific. The district court is in a far better position than this Court to judge the culpability of the litigant, the degree of prejudice to the opposing party, and the interference with the court's docket and the judicial process caused by [a party's] failure to file a timely response.

*Id.* at 1196.

Our holdings in *Reed* apply with equal force to this case. To begin with, we conclude that a district court may not grant a motion to dismiss for failure to state a claim "merely because [a party] failed to file a response." *Id.* at 1194. This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Further, it is well established that a "complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in

the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2nd Cir. 2000) (holding that district court erred in dismissing plaintiff's complaint pursuant to court's local rules based solely on plaintiff's failure to file response to motion to dismiss under Rule 12(b)(6)); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40-41 (1st Cir. 2003) (holding that district court erred in granting defendants' motion to dismiss under Rule 12(b)(6) where district court's dismissal order did not make it clear whether court dismissed plaintiff's complaint for failure to state a claim or because plaintiff failed to file a timely response to defendants' motion).

Alternatively, "[a] district court undoubtably has discretion to sanction a party . . . for failing to comply with local or federal procedural rules," and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party." *Reed,* 312 F.3d at 1195. But a district court must perform an explicit analysis of the *Meade* factors before it dismisses a complaint as a sanction. *Id.* Accordingly, the district court erred by failing to perform an explicit analysis of the *Meade* factors before it dismissed plaintiff's complaint as a sanction, and we will not independently employ the *Meade* analysis to uphold the district court's dismissal order. *Id.* at 1196.

Nonetheless, because "[t]he legal sufficiency of a complaint is a question of law," *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003), we may affirm the district court's dismissal order if we independently determine that plaintiff failed to state a claim, *see United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (noting that this court is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law") (quotation omitted). Given plaintiff's pro se status in the proceedings before the district court, however, we may not affirm on this alternative basis unless we determine that "it is obvious that . . . plaintiff cannot prevail on the facts alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quotation omitted).

Under 42 U.S.C. § 2000e-5(f)(1), plaintiff had "ninety days in which to file suit after receipt of [the] right-to-sue letter." *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998) (holding that "[t]he ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice"). In addition, "[a] rebuttable presumption of receipt does arise on evidence that a properly addressed [right-to-sue letter was] placed in the care of the postal service." *Id.* at 1429-30. "Because the presumption is rebuttable,

however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Id.* at 1430.

Plaintiff stated in his complaint that he received the right-to-sue letter on February 25, 2002. *See* R., Doc. 3 at 4. If this is correct, his district court action was barred by the ninety-day time limit in § 2000e-5(f)(1) since he failed to file his complaint until over six months later. Plaintiff has attempted to contradict the statement in his complaint, however, by alleging in his reply brief, with the assistance of counsel, [2] that "the Notice of Right to Sue was sent to a faulty address, [and plaintiff] did not receive it until a matter of days before he filed his Complaint." Reply Br. at 6.

While plaintiff may not rely on the allegations in his reply brief to supplement his complaint, we note that the documents attached to plaintiff's complaint indicate that the right-to-sue letter may have contained an incorrect address for plaintiff. [3] *See Oxendine*, 241 F.3d at 1275 (noting that, "in deciding a

---

[2] Plaintiff filed his opening brief in this court pro se, but an attorney subsequently entered his appearance and filed a reply brief on behalf of plaintiff.

[3] First, the address listed for plaintiff on the right-to-sue letter is different than the address plaintiff gave on the charge of discrimination he filed with the EEOC. Specifically, the right-to-sue letter lists plaintiff's address as "Box 271512[,] 1601 West Snow Queen # 298, Salt Lake CI, UT 84127," while the charge of discrimination lists plaintiff's address as "Box 271512, Salt Lake City, UT 84127." Second, it appears that the address on the right-to-sue letter is a mistaken combination of two separate addresses that plaintiff submitted to the Utah Antidiscrimination & Labor Division on a general intake questionnaire.

(continued...)

motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint"). As a result, we conclude that the best course of action is to remand this matter to the district court so that the court can address the merits of Comp USA's motion to dismiss and determine whether it would be futile to give plaintiff an opportunity to amend his complaint.

We reverse and remand to the district court with directions to vacate its January 8, 2003 order granting Comp USA's motion to dismiss. We further instruct the district court to address the merits of Comp USA's motion to dismiss and determine whether plaintiff should be given an opportunity to amend his complaint. Alternatively, the district court is free to determine on remand whether plaintiff's complaint should be dismissed as a sanction for plaintiff's failure to respond to Comp USA's motion to dismiss.

REVERSED AND REMANDED WITH INSTRUCTIONS.

---

[3](...continued)
Copies of the right-to-sue letter, the charge of discrimination, and the general intake questionnaire are attached to plaintiff's complaint. *See* R., Doc. 3.