**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE M. FOURNERAT,

　　　　Plaintiff-Appellant,

v.

WISCONSIN LAW REVIEW;
RODNEY UPHOFF; JANET G.
CHESLEY; DAN MURDOCK;
JIM DOYLE; UNIVERSITY OF
WISCONSIN BOARD OF REGENTS;
KERRY BURCHILL MURPHY;
LOLA VELAZQUEZ-AGUILU,

　　　　Defendants-Appellees,

　　and

OKLAHOMA BAR ASSOCIATION,

　　　　Defendant.

No. 10-6131
(D.C. No. 5:09-CV-00391-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Wayne M. Fournerat, a former Oklahoma-licensed attorney who proceeds pro se, appeals the district court's orders granting defendants' motions to dismiss. *See* Fed. R. Civ. P. 12(b)(1), (6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In his 110-page amended complaint, Mr. Fournerat brought claims under 42 U.S.C. §§ 1983 and 1985 against (1) the Wisconsin Law Review; (2) Rodney Uphoff, who authored an article for the 2006 Law Review that was critical of Mr. Fournerat's criminal representation of an Oklahoma death row inmate; (3) Janet Chesley, a public defender with the Oklahoma Indigent Defense System who represented the death row inmate on retrial after the inmate's conviction was overturned due to Mr. Fournerat's ineffective assistance of counsel and who provided some information to Mr. Uphoff for the article; (4) Dan Murdock, general counsel for the Oklahoma Bar Association; (5) former Wisconsin Governor Jim Doyle; (6) the Board of Regents of the University of Wisconsin; (7) Kerry Burchill Murphy, the 2006 Notes and Comments editor of the Law Review; and (8) Lola Velazquez-Aguilu, the 2006 Editor-in-Chief of the Law Review. Mr. Fournerat's claims against these defendants primarily relate to the Law Review article's criticism of his performance in defending the death row inmate. *See* Rodney Uphoff, *Convicting the Innocent: Aberration or Systemic*

*Problem?*, 2006 Wis. L. Rev. 739, 746-47.  In particular, he takes issue with the article's suggestion that he made as much as $50,000 in his representation of the death row inmate, *see id.* at 746 n.31, and with the article's implied accusation that he took this money under false pretenses.[1]  He indicates that the article somehow contributed to his imprisonment in Tennessee.  In addition, he complains about (1) his disbarment; (2) Mr. Murdock's failures to investigate bar complaints he made; and (3) Mr. Murdock's intentional misstatements about his compensation in representing the death row inmate.

All defendants moved to dismiss, and the district court granted the motions. The court found with respect to Ms. Chesley that (1) the court lacked subject matter jurisdiction over any § 1983 claims against her because Oklahoma has not waived Eleventh Amendment immunity for any acts in her official capacity and because any private acts by her in her individual capacity are not under color of law; (2) Mr. Fournerat failed to state a defamation claim against her; and (3) he failed to state a claim under § 1985 against her individually because he made no allegations of conspiracy based on race or class-based invidious discrimination. With respect to former Governor Doyle and the University of Wisconsin Board of Regents, the court found that dismissal was appropriate because both were

---

[1]     Mr. Fournerat agrees with the article's description of his performance as "amazingly inept."  Uphoff, *supra*, at 746.  But he challenges the article's suggestion that his ineptness was due to greed or unscrupulous conduct.

entitled to sovereign immunity.  With respect to Mr. Murdock, the court dismissed because Mr. Fournerat failed to state a constitutional or § 1983 claim concerning his Oklahoma disbarment and because he had no constitutional right to require the state bar to process his bar complaints.  Lastly, concerning Mr. Uphoff, the Wisconsin Law Review, Ms. Burchill Murphy, and Ms. Velazquez-Aguilu, the court dismissed because Mr. Fournerat failed to respond to their motions to dismiss.  Mr. Fournerat appealed.[2]

**II.**

As an initial matter, we consider Mr. Fournerat's motion seeking disqualification of all Tenth Circuit judges.  We conclude that he has not met his "heavy burden" of showing judicial bias by any Tenth Circuit judge, much less the entire court.  *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).  Mr. Fournerat asserts that this court showed bias by publicly accusing and disciplining him without notice and an opportunity for a hearing.  His assertions of bias are based primarily on a portion of the factual and procedural background section of *United States v. Hunt*, 456 F.3d 1255, 1258 (10th Cir. 2006), which

---

[2]	The University of Wisconsin Board of Regents, Ms. Chesley, Mr. Uphoff, Ms. Burchill Murphy, and Ms. Velazquez-Aguilu argue that because Mr. Fournerat failed to name them in his notice of appeal this court does not have jurisdiction over them.  Federal Rule of Appellate Procedure 3(c) does not require that appellees be named.  *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 531 n.9 (10th Cir. 1992) (recognizing that Rule 3(c) requires only the naming of appellants).  Thus, we do not dismiss the appeal as to these five for lack of appellate jurisdiction.

recites that the district court had found that Mr. Fournerat had an actual conflict of interest during Mr. Hunt's criminal trial, that the conflict adversely affected Mr. Hunt, and that a new trial was warranted. This mere background recitation, however, fails to demonstrate any partiality requiring the entire court's recusal. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that judicial rulings almost never are sufficient to show bias).[3] Accordingly, we deny Mr. Fournerat's motion seeking disqualification of all Tenth Circuit judges.

## III.

Having concluded that there is no need for recusal, we now proceed to the merits of this case and review the district court's orders granting the defendants' motions to dismiss. The district court dismissed some claims under Rule 12(b)(1) for lack of subject matter jurisdiction and other claims under Rule 12(b)(6) for failure to state a claim for which relief may be granted. We review dismissals under both Rule 12(b)(1) and 12(b)(6) de novo. *See Smith v. United States*, 561 F.3d 1090, 1097-98 (10th Cir. 2009). Also, under both rules, all well-pleaded allegations are accepted as true and viewed in the light most favorable to Mr. Fournerat. *Id.* "To survive a motion to dismiss [under Rule 12(b)(6)], a

---

[3] We note that on December 8, 2010, Mr. Fournerat sued two current and two former Tenth Circuit judges asserting that the background recitation in the *Hunt* decision amounted to a disciplinary proceeding and that the judges did not afford him due process. The district court determined that the lawsuit was legally frivolous because the judges were entitled to absolute judicial immunity. *Fournerat v. Henry*, No. CIV-10-1325-M (W.D. Okla. Feb. 3, 2011) (unpublished order). An appeal, No. 11-6085, is currently pending.

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). Because Mr. Fournerat is proceeding pro se, we liberally construe his filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**A. Dismissal of Mr. Uphoff, the Wisconsin Law Review, Ms. Burchill Murphy, and Ms. Velazquez-Aguilu**

The district court granted these defendants' motions to dismiss and deemed them to be confessed because Mr. Fournerat failed to respond to the motions. *See* W.D. Okla. Local R. 7.1(g). Under Tenth Circuit precedent, however, "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quotation marks and brackets omitted). If the plaintiff does not file a response, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. The district court in this case, however, did not do so. But "because the legal sufficiency of a complaint is a question of law, we may affirm the district court's dismissal order if we independently determine that [Mr. Fournerat] failed to state a claim." *Id.* (quotation marks, citation, and brackets omitted).

**1. Mr. Uphoff.**  Because Mr. Fournerat has not and cannot identify any constitutional right violated by Mr. Uphoff in authoring the Law Review article, he fails to state a claim under § 1983.  *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (holding that interest in reputation is not a liberty or property interest protected by Fourteenth Amendment).  Likewise, the conspiracy claim against Mr. Uphoff fails to state a claim under either § 1983 or § 1985.  Mr. Fournerat has failed to assert the racial or class-based discriminatory animus required for a § 1985 conspiracy.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1045 (2011).  And his conclusory allegations of a conspiracy are insufficient to state a § 1983 claim.  *Id.* at 1228.  Thus, Mr. Fournerat has failed to state a claim upon which relief may be granted against Mr. Uphoff.

**2. Wisconsin Law Review.**  The Wisconsin Law Review asserts that it is entitled to Eleventh Amendment immunity.  For immunity, it "must qualify as . . . an 'arm' of [the] state."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  Because Wisconsin state universities are arms of the state, *see Bd. of Regents of Univ. of Wis. Sys. v. Mussallem*, 289 N.W.2d 801, 807 (Wis. 1980), it follows that the Law Review is also an arm of the state, *see Ronwin v. Shapiro*, 657 F.2d 1071, 1074 (9th Cir. 1981) (indicating in dicta that Arizona Law Review likely would be protected by Eleventh Amendment immunity).  Accordingly, we

conclude that the district court lacked subject matter jurisdiction over the claims against the Law Review.

**3.  Ms. Burchill Murphy and Ms. Velazquez-Aquila.**  Mr. Fournerat asserted that these two defendants were responsible for checking the truth and accuracy of the Law Review article and that they were involved in a conspiracy against him.  The first assertion, on its face, is legally insufficient to state a claim for the violation of a constitutional right.  And for the same reasons set forth with respect to Mr. Uphoff, Mr. Fournerat cannot state a claim for a conspiracy under § 1983 or § 1985 against these two defendants.  Accordingly, we conclude that Mr. Fournerat has failed to state a claim upon which relief may be granted against Ms. Burchill Murphy and Ms. Velazquez-Aquila.

**B.  Dismissal of Former Governor Doyle and the Board of Regents**

The district court concluded that it lacked jurisdiction over the Board of Regents because the Board is entitled to Eleventh Amendment immunity.  With respect to former Governor Doyle, the court concluded that Mr. Fournerat's claims did not meet the requirements of the *Ex parte Young*[4] doctrine and former Governor Doyle therefore also was immune from suit under the Eleventh Amendment.  After considering the appellate briefs, record on appeal, and relevant legal authority, we conclude the district court correctly dismissed these defendants on immunity grounds.  Accordingly, we affirm for substantially the

---

[4]    209 U.S. 123 (1908).

same reasons set forth by the district court in its May 10, 2010 order granting these defendants' motion to dismiss. R., pt. 2 at 105-09.

**C. Dismissal of Ms. Chesley**

The district court dismissed the claims asserted against Ms. Chesley on the grounds that Mr. Fournerat failed to establish subject matter jurisdiction against her in either her individual or official capacities, and that he failed to state a claim upon which relief may be granted with respect to any defamation or § 1985 claims against her. Upon consideration of the appellate briefs, record on appeal, and relevant case law, we conclude that the district court correctly granted Ms. Chesley's motion to dismiss. Accordingly, we affirm for substantially the same reasons set forth in the district court's order of May 4, 2010. *Id.* at 99-104.

**D. Dismissal of Mr. Murdock**

The district court granted Mr. Murdock's motion to dismiss after finding that Mr. Fournerat's claims that Mr. Murdock failed to process bar complaints failed and that there was no constitutional violation associated with Mr. Fournerat's disbarment. Again, after consideration of the appellate briefs, record on appeal, and relevant case law, we affirm for substantially the same reasons set forth in the district court's May 10, 2010 order granting Mr. Murdock's motion to dismiss. *Id.* at 110-13.

Mr. Fournerat argues that the district court misunderstood the nature of the claims against Mr. Murdock and did not recognize that he was alleging that

(1) Mr. Murdock was responsible for the lie that Mr. Fournerat obtained money under false pretenses and did not represent the death penalty inmate and this lie appeared in the Law Review article; and (2) Mr. Murdock violated his right to a presumption of innocence and proof beyond a reasonable doubt when Mr. Murdock told a Tennessee authority that Mr. Fournerat took money under false pretenses. These arguments are conclusory and unsupported. As such, Mr. Fournerat fails to state a claim against Mr. Murdock.

The judgment of the district court is AFFIRMED.[5] Mr. Fournerat's motion to disqualify all Tenth Circuit Court of Appeals judges is DENIED. Also, his motion for an order compelling the Oklahoma Bar Association, which is not an appellee, to produce a waiver of the death row inmate's attorney-client privilege is DENIED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[5] Any arguments we have not specifically addressed also lack legal merit.