**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD RUBIN,

          Plaintiff - Appellant,

v.

STEVEN JENKUSKY, M.D.;
NEW MEXICO MEDICAL BOARD;
STEVEN WEINER, M.D., Chairman;
LINDA HART, Executive Director;
DAN RUBIN, Prosecutor; NEW
MEXICO DEPARTMENT OF HEALTH,

          Defendants - Appellees.

No. 14-2058
(D.C. No. 1:13-CV-00047-RB-WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

Plaintiff Richard Rubin appeals from orders of the district court staying

discovery, dismissing his case, and denying reconsideration. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Rubin was a licensed physician's assistant (PA) who worked at Zia Health and Wellness in Albuquerque, New Mexico, certifying applicants for the medical use of marijuana under the New Mexico Medical Cannabis Program and the Lynn and Erin Compassionate Use Act (CUA), N.M. Stat. Ann. § 26-2B-1 through § 26-2B-7. Psychiatrist Steven Jenkusky, who was a member of the New Mexico Medical Board (Board), submitted a complaint to the Board regarding Rubin's attempt to certify one of Dr. Jenkusky's patients. Dr. Jenkusky was concerned Rubin was certifying applicants in the absence of any treating relationship and without physician supervision. The Board advised Rubin of the complaint and invited a response, which he provided. With Dr. Jenkusky abstaining, the Board voted to summarily suspend Rubin's PA license, finding he was "an immediate danger to the public." Aplee. Supp. App. at 31. Twelve days later, the Board sent Rubin a Notice of Contemplated Action, informing him that the Board was considering imposing sanctions, including suspending his license, and that he was entitled to a hearing at which he could be represented by counsel, present evidence, and compel the attendance of witnesses and the production of evidence.

A hearing was set but never held because Rubin ultimately agreed to the entry of a stipulated order that, among other things, suspended his PA license for one year, prohibited him from prescribing any controlled substances for two years, and prohibited him from certifying medical marijuana for four years. In the joint motion

- 2 -

for the stipulated order, Rubin agreed that the proposed order, if accepted, would result in a waiver of his rights to a hearing, to judicial review on the matters alleged, and to challenge the stipulated order in court.

The Board accepted the stipulated order. Despite the associated waiver provisions, Rubin, through an attorney, filed a civil action against the Board; Dr. Jenkusky; the Board's Chairman, Dr. Steven Weiner; the Board's Executive Director, Lynn Hart (misidentified as Linda Hart); and the Board's prosecutor, Dan Rubin (no relation to plaintiff Rubin). Rubin also named as defendants the New Mexico Department of Health (DOH) and Dr. Linda Gorgos.[1] Rubin asserted defendants violated his due process and equal protection rights by issuing the summary suspension, in violation of 42 U.S.C. § 1983. He also asserted claims of breach of statutory immunity under the CUA,[2] defamation, malicious abuse of process, infliction of emotional distress, wrongful interference with business relationships, administrative conspiracy, and fraudulent inducement with respect to the stipulated order.

---

[1]    Rubin identified Dr. Gorgos as the Medical Director of the Infectious Disease Bureau of the DOH's Public Health Division. The district court later dismissed Rubin's claims against Dr. Gorgos without prejudice for failure to effect timely service, a decision with which Rubin expressly agreed in a response to a show-cause order and which he does not challenge on appeal.

[2]    In relevant part, the CUA provides that "[a] practitioner shall not be subject to arrest or prosecution, penalized in any manner or denied any right or privilege for recommending the medical use of cannabis or providing written certification for the medical use of cannabis pursuant to the Lynn and Erin Compassionate Use Act." N.M. Stat. Ann. § 26-2B-4.E.

The four individual Board defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as did the Board. They invoked a variety of theories for dismissal, including qualified immunity for the individual defendants. The magistrate judge assigned to the case stayed discovery in view of the assertion of qualified immunity but informed Rubin that he could seek discovery by filing an affidavit under Rule 56(d) of the Federal Rules of Civil Procedure. Rubin did not file a response to the dismissal motions, so the district court granted them based on a local rule directing that the failure to respond to a motion "constitutes consent to grant the motion," D.N.M.LR-Civ. 7.1(b), and the court's view that, although summary judgment motions could not be conceded by a failure to respond, motions to dismiss could, and the court's local rule applied. The DOH also filed a motion to dismiss, but as explained below, the district court never ruled on it.

Rubin then filed a motion asking the magistrate judge to reconsider the order staying discovery and the district court to reconsider its dismissal order. As to the stay order, Rubin pointed out that no defendant sought a stay, argued that a stay was not mandated by the assertion of qualified immunity, and complained that the court had failed to hold a discovery conference and to enter a scheduling order. The magistrate judge denied reconsideration, stating that case law provides a court with little discretion in whether to stay discovery once a defendant asserts qualified

immunity and explaining that if Rubin wanted discovery, he should have filed a Rule 56(d) affidavit.

Two months later (and nearly ten months after the Board and the individual Board defendants filed their answer), the magistrate judge entered an initial scheduling order (apparently because the DOH's motion to dismiss remained pending) but vacated it in light of Rubin's pending motion for the district court to reconsider its dismissal order. In that motion, Rubin stated he did not file a response to the motion to dismiss "for what his counsel considered good reasons in his client's interest." Aplt. App. at 49. He asked the court to reconsider the dismissal in light of Tenth Circuit law prohibiting courts from granting a motion to dismiss "merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (brackets and internal quotation marks omitted); *see also id.* at 1178 (stating that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted").

The district court granted the motion to reconsider but dismissed the case with prejudice. The court first concluded that Rubin's due process claim failed because he had been fully advised of his procedural rights but had waived them when he agreed to the stipulated order and the suspension of his license. Next, the court determined Rubin's equal protection claim failed because he alleged no facts showing he was

treated differently from any others who were similarly-situated. Finally, the court held the state-law claims were subject to the New Mexico Tort Claims Act (NMTCA) but concluded Rubin failed to allege or establish that any of his claims fit within one of the waivers of the immunity the NMTCA grants to government entities and public employees. The court entered a separate judgment under Rule 58 of the Federal Rules of Civil Procedure dismissing the case with prejudice.

Rubin then sought reconsideration of the district court's order on his first motion to reconsider, complaining dismissal was premature because the court had not issued a scheduling order within the time limits of Rule 16 of the Federal Rules of Civil Procedure[3] and had not permitted discovery. He also argued the court had failed to acknowledge his CUA immunity and had misunderstood his due process claim, which he contended was based on the summary suspension, without a hearing, issued almost two weeks before what he alleged was required by statute to be a prior or concurrent Notice of Contemplated Action. The district court construed the motion as one under Rule 59(e) and denied it, concluding Rubin had merely repeated arguments the court had already found unpersuasive and had not shown "an intervening change in the controlling law," "new evidence previously unavailable," or a "need to correct clear error or prevent manifest injustice," *Servants of the*

---

[3]    Rule 16(b)(2) requires a district court to enter a scheduling order "within 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared."

- 6 -

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), warranting Rule 59(e) relief.

## DISCUSSION

Rubin's notice of appeal names four orders:  the magistrate judge's order staying discovery (Doc. 15), the first and second dismissal orders (Docs. 18 and 35), and the order denying his second motion for reconsideration (Doc. 39).  We review the dismissal orders de novo, *see Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004), and the other orders for abuse of discretion, *see Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1309 (10th Cir. 2014) (discovery orders); *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (denial of Rule 59(e) motions for reconsideration).[4]

Rubin argues that because of his statutory immunity under the CUA, he "may not properly be subject to [an] immunity motion."  Aplt. Opening Br. at 7.  But Rubin provides no support for the argument (nor are we aware of any) that his alleged immunity under the CUA precludes the Board or the Board-related defendants from prevailing on their defense of governmental immunity to suit under the NMTCA.

---

[4]    Rubin was represented by counsel through the filing of an opening brief in this appeal, but his attorney was permanently disbarred by the State of New Mexico in August 2014 and disbarred from this court in October 2014.  Rubin has not retained new counsel.  Despite the fact Rubin is now pro se, he is not entitled to a liberal construction of any of the relevant filings in the district court or this court, all of which were prepared by an attorney.

Rubin also advances two arguments that fail for a common reason.  First, he claims the district court overlooked that the Board should have issued the Notice of Contemplated Action at the time it imposed the summary suspension, not twelve days later.  That delay, he argues, violated a statutory directive that the Board "may summarily suspend or restrict a license without a hearing, *simultaneously with or at any time after* the initiation of proceedings for a hearing," N.M. Stat. Ann. § 61-6-15.1.A. (emphasis added).  Second, Rubin contends the Board lacked evidence he was a danger to the public health and safety.  These arguments ignore Rubin's waiver of his right to judicially challenge the actions of the Board when he agreed to the stipulated order.  Indeed, Rubin's appellate brief fails to acknowledge his waiver at all.  Moreover, the statute clearly provides that the Board can impose a summary suspension "without a hearing," *id.*, as occurred here, and that a person whose license is summarily suspended is entitled to a later hearing upon request, *see id.*  Although Rubin requested a hearing, where he might have challenged the Board's finding that he was a danger to public health and safety, he ultimately waived his right to one.

Rubin next complains about the district court's failure to follow Rule 16(b)'s requirements that a court "must issue [a] scheduling order . . . within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).  But he has not pointed us to, nor have we uncovered, any authority suggesting the failure to issue a scheduling order

within the time constraints of Rule 16 requires an appellate court to reverse an order dismissing a case under Rule 12(b)(6).

Rubin also challenges the order staying discovery, arguing the magistrate judge was mistaken in believing a motion to dismiss based on qualified immunity mandated a stay. We need not address whether the assertion of qualified immunity mandates a stay because Rubin has not identified any discovery he might have sought that would have aided him in defending the motions to dismiss. *See Garcia*, 770 F.3d at 1309 (stating that appellate court will reverse only upon a "clear showing that the denial of discovery resulted in actual and substantial prejudice" (internal quotation marks omitted)). Further, the magistrate judge's order provided a means for Rubin to request discovery through a Rule 56(d) affidavit. He simply failed to pursue that option. Hence, we see no abuse of discretion in the order staying discovery.

Finally, we note the district court never ruled on the DOH's motion to dismiss. Because Rubin has not claimed any error with respect to the district court's dismissal of the case with prejudice despite the DOH's pending motion, we have no occasion to address this apparent oversight.

## CONCLUSION

The judgment of the district court is affirmed. Appellees have moved to strike Rubin's pro se affidavit, filed December 29, 2014, in which he alleges a political motivation behind the actions underlying his suspension and asserts he complied with

the CUA but was coerced into agreeing to the stipulated order. We grant appellees'
motion to strike because the affidavit presents no occasion to depart from the general
rule that appellate review is limited to the record before the district court. *See Boone
v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992)
(declining to review documents not before the district court when appealed rulings
were issued).

Entered for the Court


Terrence L. O'Brien
Circuit Judge