FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

December 13, 2023

Christopher M. Wolpert
Clerk of Court

_____

RICHARD P. ROMERO,

    Plaintiff - Appellant,

v.

UNION PACIFIC RAILROAD,

    Defendant - Appellee.

No. 23-8015
(D.C. No. 1:22-CV-00244-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT*

_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.

_____

Richard P. Romero filed the underlying lawsuit seeking to enforce two arbitration awards against his employer, Union Pacific Railroad. The district court granted Union Pacific's motion to dismiss and denied Mr. Romero's motion for reconsideration. He now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

### A. Factual Background

Except where otherwise indicated, the following facts are taken from Mr. Romero's complaint, the exhibits to the complaint, and a letter he sent to the district judge.

Mr. Romero worked as a conductor and then a locomotive engineer for Union Pacific. In 2014 and 2015 Union Pacific issued notices of discipline to Mr. Romero for alleged violations of its attendance policy. His union, the International Association of Sheet Metal, Air, Rail and Transportation Workers—Transportation Division (SMART-TD), appealed both offense notices on Mr. Romero's behalf to the National Railroad Adjustment Board, which issued arbitration awards in his favor, ordering Union Pacific to remove the offenses from his discipline record.

Meanwhile, Union Pacific granted Mr. Romero a medical leave of absence for close to two years starting in March 2017. In April 2019 he was cleared to return to work with no restrictions.

To maintain his certification as a locomotion engineer from the Federal Railroad Administration (FRA), Mr. Romero was required to take examinations testing his knowledge of relevant rules; but soon after he returned to work, he failed one of the tests three times. He requested an opportunity to take the test again. Union Pacific declined his request and informed him that he was no longer certified as a locomotive engineer.

2

Since then, Mr. Romero has pursued various avenues (including assistance from the Brotherhood of Locomotive Engineers and Trainmen (BLET), which represents locomotive engineers) to get another opportunity to take the failed test and to obtain back pay. He has also filed discrimination claims against Union Pacific and his unions with a Wyoming administrative agency.

## B.  Procedural Background

Mr. Romero's complaint named Union Pacific as the only defendant, and the only claim asserted sought enforcement of the two arbitration awards.  The voluminous attachments to the complaint, however, included documents about Union Pacific's refusal to allow him to retest, its decertification of him as a locomotive engineer, his claim for back pay, his issues with SMART-TD and BLET, and his pending administrative actions alleging disability discrimination against Union Pacific and both his unions.

Union Pacific moved under Federal Rules of Civil Procedure 12(b)(1), (5), and (6) to dismiss the complaint, including the arbitration-award claim and any potential claims suggested by the attachments.  Mr. Romero did not oppose or otherwise respond to the motion, and did not move to amend his complaint.

The district court granted the motion and dismissed the complaint on several grounds.  First, it held that Mr. Romero's failure to oppose the motion constituted "a confession to the merits of the motion."[1]  R., vol. II at 79.  Second, it concluded

---

[1] *See* D. Wyo. Civ. Rule 7.1(b)(2)(A) (district court has discretion to "consider the failure of a responding party to file a timely response as a confession of the

dismissal was warranted under Rule 12(b)(5) for insufficient service of process.

Turning to the substance of Mr. Romero's claims, the court held that the claim

seeking enforcement of the two arbitration awards was moot because the documents

Union Pacific submitted with its motion to dismiss established that it had already

complied with both awards.  Accordingly, the court dismissed that claim under Rule

12(b)(1) for lack of jurisdiction.  *See Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir.

2011) (under the mootness doctrine, a federal court must dismiss a case for lack of

jurisdiction if there is no "actual and justiciable controversy" (internal quotation

marks omitted)).  Also, construing Mr. Romero's filings liberally, the court

concluded that the attachments to the complaint and letter alluded to potential claims

for (1) breach of contract stemming from Union Pacific's failure to reinstate him

immediately after his doctor cleared him to return to work, its refusal to allow him to

retest, and its decision to disqualify him from working as a locomotive engineer; and

(2) disability discrimination under the Americans with Disabilities Act (ADA),

42 U.S.C. § 12112.[2]  The court dismissed the potential breach-of-contract claims

because (1) Mr. Romero failed to comply with the pleading requirements of Rule 8;

(2) under the Railway Labor Act (RLA), 45 U.S.C. § 151 et seq., the court lacked

---

motion"); *but see Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (holding that "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response" (brackets and internal quotation marks omitted)).

[2] Mr. Romero's documents also alluded to potential claims against the unions, but his complaint did not name them as defendants, and they are not parties to this appeal.  Accordingly, we do not address those potential claims.

jurisdiction over claims involving the alleged violations of collective-bargaining agreements; (3) Mr. Romero did not bring a breach-of-the-duty-of-fair representation (DFR) claim against the unions, which is a jurisdictional prerequisite for bringing a breach-of-contract claim against a rail carrier governed by the RLA, *see Spaulding v. United Transp. Union*, 279 F.3d 901, 912 (10th Cir. 2002); and (4) any potential hybrid breach-of-contract/DFR claim was time-barred.  Finally, the court held that any potential discrimination claim was time-barred and barred for failure to exhaust administrative remedies.

Mr. Romero filed a motion for reconsideration, explaining that he did not respond to the motion to dismiss because he was not aware that a response was required.  He also described his efforts to serve Union Pacific.  He then discussed some of the facts underlying his claims and explained that he thought that attaching the supporting documents was sufficient to raise breach-of-contract, DFR, and disability-discrimination claims against Union Pacific and the unions.  The district court treated the motion as a Rule 60(b) motion for relief from judgment and denied it.  The court noted that it had waited to rule on the motion to dismiss until more than six weeks after it was filed, which gave Mr. Romero "ample time" to file a response. R., vol. II at 89.  It said that Mr. Romero's attempts to serve Union Pacific did not accomplish proper service.  And it observed that Mr. Romero did not challenge the

5

district court's other reasons for dismissing the complaint. It concluded that

Mr. Romero "offer[ed] no reason warranting relief from the judgment."[3]  *Id.* at 91.

### DISCUSSION

Because Mr. Romero represents himself, "we liberally construe his filings."

*James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  But "we will not act as his

advocate."  *Id.*  "Our rules of appeal require appellants to sufficiently raise all issues

and arguments on which they desire appellate review in their opening brief."  *Clark*

*v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (brackets and internal quotation

marks omitted).  "[P]ro se parties [must] follow the same rules of procedure that

govern other litigants," including the rule requiring that briefs contain "more than a

generalized assertion of error, with citations to supporting authority."  *Garrett v.*

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal

quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring briefs to

explain the reasons for each contention with citations to authorities supporting each

argument).  "When a pro se litigant fails to comply with that rule, we cannot fill the

---

[3] In his motion for reconsideration, Mr. Romero asked for "ample time to state" breach-of-contract claims against Union Pacific, a DFR claim against the unions, and discrimination claims. R., vol. II at 85.  He did not, however, seek leave to amend his complaint or provide grounds for an amendment.  *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) (affirming denial of request for leave to amend where the plaintiff made the request in her response to a motion to dismiss and failed to give grounds for the proposed amendment).

void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (brackets and internal quotation marks omitted).

In his brief Mr. Romero provides a factual narrative regarding the arbitration awards, his work history, his medical leave, Union Pacific's and the unions' alleged mistreatment of him, and his various efforts to pursue relief against them. He also provides information about events that occurred after the district court dismissed the case. He then identifies three issues and lists various statutes, without explaining how the statutes apply. The brief does not contain an argument section, and it does not challenge the district court's grounds for dismissal.

Mr. Romero's factual narrative is not a "substitute for legal argument." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). And merely listing issues, with no citation to the record and no analysis, is not "adequate briefing." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). Mr. Romero fails to establish that there was any jurisdictional or substantive basis upon which the district court could have granted him the relief he sought, and he fails to show any reversible error. Accordingly, we affirm the district court's judgment. *See Nixon*, 784 F.3d at 1366 (affirming dismissal of claim where appellant's brief failed to challenge the basis for the district court's ruling); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (we do not address a district court's reasoning when the appellant's opening brief does not challenge it).

7

## CONCLUSION

We affirm the judgment.  We deny Mr. Romero's motion for court-appointed counsel and for summary judgment, and we deny as moot Union Pacific's motion to strike the motions for summary judgment.

Entered for the Court

Harris L Hartz
Circuit Judge